[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON REQUEST FOR PROTECTIVE ORDER
The parties have filed a motion asking this court to enter as an order of the court the terms of a stipulation into which they have entered regarding the confidentiality of documents exchanged in discovery and of documents to be filed with the court. The stipulation provides that the parties may, in their own discretion, designate items as "confidential" or "highly confidential" and by that designation limit the use of those documents by their opponents. It further states that any such documents shall be maintained under seal by the court.
The parties identify as "highly confidential" the following documents: "product formulas, specifications, recipes and manufacturing processes, Trade Secrets, development of new products or technologies, business, financial and marketing plans having current or future applicability, which is so proprietary or competitively sensitive that its disclosure could cause irreparable competitive injury." The parties define "trade secrets" broadly as "documents or information not in the public domain that contain information which is proprietary or competitively sensitive whose disclosure could cause competitive injury." (p. 2, para. 3).
The parties broadly stipulate that they may designate as "confidential" any material they believe "is not appropriate for public disclosure because of personal privacy interests" and "commercially sensitive" information. (p. 3, para 4.)
Applicable legal standards
Protective orders and sealing orders are to be granted only under the standards provided in the Connecticut Practice Book, which recognize that CT Page 6983 the interests of the public must be considered. These standards also serve to avoid exposing parties to sanctions for errors in compliance. Additionally, these standards serve to avoid imposing administrative burdens on the clerk's office that result from the sealing of portions of pleadings.
Practice Book § 13-5 provides that the court may enter a protective order only "for good cause shown."
Practice Book § 11-20 provides that a court may order the sealing of documents or limitation on their disclosure only "if the judicial authority concludes that such order is necessary to preserve an interest which is determined to override the public's interest in . . . viewing such materials." The rule further provides that "(a)ny such order shall be no broader than necessary to protect such overriding interest." The rule requires that judicial authority "shall, on the record in open court, articulate the overriding interest being protected and shall specify its finding underlying such order."
These provisions, with their requirements of hearings and findings, counsel against the granting of orders simply on the basis of a stipulation by the parties that allow the parties themselves to make the determinations which the rules of court entrust to the judicial authority.
Conclusion
The parties are free to enter agreements between themselves limiting the dissemination of documents produced in discovery. Such agreements are not, however, orders of the court, and the court cannot enter them on the mere basis of the parties' consent without making the findings required in the rules cited above.
Documents produced in compliance with discovery motions are not filed with the court, see P.B. §§ 13-7(b) and 13-10 (b), and therefore the parties are unwarranted in any apprehension that material that might ultimately justify a protective order or sealing order will be disclosed before they have an opportunity to make the requisite showing of the need for protection.
If either party believes that any document that it plans to append to a pleading or present on the record at trial meets the criteria for entry of a protective order or sealing, they may file a motion that identifies such item with particularity, so that the court may proceed in a manner than permits it to make the findings required by the rules identified above. If necessary, they may request in camera review of the item or CT Page 6984 items to determine whether the applicable standards are met.
In connection with the present motion, the parties have not satisfied the requirements of P.B. § 13-5 or § 11-20 as to any document, and that motion is denied.
Beverly J. Hodgson Judge of the Superior Court